IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30066 |
| ) | |
| JOSHUA RHODES, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Joshua Rhodes's pro se motion (d/e 35) and amended motion for compassionate release (d/e 40) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

### I. BACKGROUND

On November 14, 2018, Defendant entered a plea agreement (d/e 19) in which he pled guilty to Counts Two, Three, and Four of the Indictment (d/e 1). Count Two charged Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A). Count Three

charged Defendant with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 924(c).  Count Four charged Defendant with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On March 18, 2019, this Court sentenced Defendant to 36 months' imprisonment on each of Counts 3 and 4, to be served concurrently, and 60 months' imprisonment on Count Two, to be served consecutively to the terms of imprisonment imposed on Counts 3 and 4.  See d/e 32.  The Court also imposed a three-year term of supervised release on each count, with the terms to run concurrently.  See id.

Defendant is currently incarcerated at FCI Greenville and has a projected release date of December 31, 2024.  See d/e 38.  Defendant proposes to live with his father if released from custody.  On February 18, 2021, the U.S. Probation Office filed a memorandum (d/e 109) addressing Defendant's release plan.  Probation's position is that Defendant Rhodes's release plan is suitable only if: (1) Defendant's father removes all firearms and ammunition currently in his home to a rented storage unit; and (2) the U.S. Probation Office in the Eastern District of Missouri agrees to accept the transfer of Defendant Rhodes's case.  See d/e 109.

On February 5, 2021, Defendant filed a pro se motion for compassionate release (d/e 106) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On February 25, 2021, following the appointment of the Federal Public Defender's Office to represent Defendant, an amended motion for compassionate release (d/e 40) was filed.  The majority of compassionate release motions since the beginning of the COVID-19 pandemic have involved defendants requesting release on the basis of medical conditions rendering them vulnerable to serious illness if infected with COVID-19.  Defendant Rhodes, a healthy 34-year-old man who has already contracted and recovered from COVID-19, instead requests compassionate release in order to care for his father, who suffers from a number of health issues.  See d/e 40, p. 5.

On March 1, 2021, the Government filed a Response in Opposition to Defendant's Amended Motion for Compassionate Release (d/e 41).  The Government argues that the Court should deny Defendant's compassionate release motion because Defendant's desire to care for his grandfather is not an "extraordinary and compelling reason" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the Bureau of Prisons ("BOP") filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

> Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Application Note 1 to Section 1B1.13 of the U.S. Sentencing Guidelines Manual provides a list of specific circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction. This list includes the following "Family Circumstances":

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.3, cmt. n. 1(C).

The incapacitation of an aging parent is not included in the Sentencing Commission's list of potential extraordinary and

compelling reasons. Defendant notes, however, that the Seventh Circuit has held that Section 1B1.13 applies only to motions and determinations filed by the Director of the BOP. See d/e 40, pp. 3–4; United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). Consequently, in cases involving compassionate release motions filed by prisoners with district courts as authorized by the First Step Act, the Sentencing Commission's analysis should "guide [the] discretion" of a district court "without being conclusive." Gunn, 980 F.3d at 1180. Defendant's argument that an ill family member other than a spouse or child can constitute an "extraordinary and compelling reason" for compassionate release is therefore correct. See United States v. Reyes, No. 04 CR 970, 2020 WL 1663129, at *3 (N.D. Ill. Apr. 3, 2020) (finding extraordinary and compelling reasons where aunt with stage four cancer "desperately needed" defendant's help).

This does not mean, however, that any BOP inmate who can produce an affidavit from an ailing parent is entitled to a sentence reduction. Presumably, the Sentencing Commission did not include incapacitated parents in application note 1(C) because, while an ailing parent may provide a reason for release that is just as

"compelling" as an ailing spouse or child, such a situation is far less "extraordinary."  In order for the desire to care for an incapacitated parent to rise to the level of an "extraordinary and compelling reason" warranting compassionate release, therefore, a defendant must show that the circumstances of his request are truly extraordinary.  See id. (taking defendant's "impressive record of rehabilitation," excessive harshness of original sentence, fact that defendant had served most of his sentence, and low likelihood of recidivism into account before finding defendant had established extraordinary and compelling reasons).

The Court finds, after considering the relevant factors set forth in 18 U.S.C. § 3553(a), that Defendant has not demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence.  While the Court is sympathetic to Defendant's father's health struggles, Defendant has not satisfactorily established that he is the only available caregiver for his father, given that Defendant has three living paternal siblings.  See d/e 26, ¶ 66. Also, Defendant has an extensive criminal history, including multiple convictions involving violent conduct.  See d/e 26, ¶¶ 38–48. Nor is there any sign that Defendant has been fully

rehabilitated since his most recent conviction, given that he received a disciplinary infraction for fighting with another inmate in February 2020.  See d/e 39, p. 122.  Defendant's PATTERN score places him in the "high" risk category.  D/e 38, ¶ 8.  Based on Defendant's criminal and disciplinary history, the Court finds that Defendant would pose a danger to the community if released at this time.  Furthermore, Defendant has served less than half of his 96-month sentence to date.  The Court finds that the punitive and deterrent goals articulated in 18 U.S.C. §§ 3553(a)(2)(A) and (B) have not been satisfied by Defendant's term of imprisonment to date.  Finally, the Court finds that Defendant's proposed release plan weighs against compassionate release because of the presence of numerous firearms in Defendant's father's house and the difficulty of ensuring to any reasonable degree of certainty that Defendant could never gain access to these firearms.

### III. CONCLUSION

For the reasons set forth above, Defendant Joshua Rhodes's pro se motion for compassionate release (d/e 35) and amended motion for compassionate release (d/e 40) are DENIED.

ENTER:  March 3, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE